UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN KOESTNER, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:06-cv-00188 (VLB) |
| DERBY CELLULAR PRODUCTS, : | |
| Defendant. : | October 5, 2007 |

MEMORANDUM OF DECISION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #24]

The plaintiff, Stephen Koestner, filed this action against the defendant, Derby Cellular Products ("Derby Cellular"), in Connecticut Superior Court. Koestner claimed that Derby Cellular had terminated his employment in violation of both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Koestner's complaint also included one count of intentional infliction of emotional distress. Derby Cellular removed the case to this Court and filed a motion for summary judgment on the ground that there is no genuine issue of material fact and it is entitled to a judgment as a matter of law. For the reasons given below, Derby Cellular's motion for summary judgment is GRANTED only as to Koestner's claim of intentional infliction of emotional distress and DENIED as to Koestner's ADEA and CFEPA claims.

The following facts are relevant to Derby Cellular's motion for summary judgment. Derby Cellular hired Koestner as a manager in 1999 and terminated

his employment in February 2004. Koestner's supervisor, Alfred Stanco, who began working for Derby Cellular in December 2003, made the termination decision and Derby Cellular's president, Charles Drabek, approved it. Koestner, who was 56 years old when he was terminated, alleges that his termination was based on age because Derby Cellular was concerned about the rising cost of insuring its employees. Koestner alleges that Drabek stated during a managers' meeting in November 2003 that the company was "getting killed on insurance premiums due to the average age of the company's employees" and that the company "had to get younger." [Doc. #1, Ex. A, p. 2] Koestner also alleges that Derby Cellular's chief executive officer, Frank Osak, told him in a hallway in January 2004 that the company "had to do something about" Rich Poggio, a 60-year-old employee who was in poor health. [Doc. #1, Ex. A, p. 2] Poggio and Koestner were later terminated on the same day. Furthermore, Koestner alleges that when Stanco terminated him, Stanco told him that "someone more energetic" would be better suited for Koestner's job. [Doc. #1, Ex. A, p. 3] Stanco replaced Koestner with Nancy Kelly, who was 46 years old.

Koestner then commenced this action in Connecticut Superior Court. Derby Cellular removed the case to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 because of Koestner's ADEA claim. Derby Cellular now seeks summary judgment, arguing that Koestner has not presented enough evidence to enable a reasonable jury to find that he was terminated on account of his age.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); see also Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (applying McDonnell Douglas to age discrimination claim). In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a 'legitimate, nondiscriminatory reason' for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v.

New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006). As to discrimination claims under Connecticut law, the Connecticut Supreme Court "look[s] to federal law for guidance in interpreting state employment discrimination law, and analyze[s] claims under [the state statute] in the same manner as federal courts evaluate federal discrimination claims." Jackson v. Water Pollution Control Authority, 278 Conn. 692, 705 n.11, 900 A.2d 498 (2006).

In the present case, the Court determines that Koestner has satisfied his minimal burden of establishing a prima facie case of age discrimination on the basis of the alleged comments made by Drabek and Osak. Drabek allegedly stated that Derby Cellular was "getting killed on insurance premiums due to the average age of the company's employees" and that the company "had to get younger." [Doc. #1, Ex. A, p. 2] Osak allegedly stated that the company "had to do something about" a 60-year-old employee who was terminated soon thereafter. [Doc. #1, Ex. A, p. 2] Those comments raise an inference that Derby Cellular engaged in age discrimination against its employees.

The alleged comment by Stanco that Koestner was not energetic enough, however, does not by itself raise an inference of age discrimination. "Courts have generally held that remarks about an employee's 'energy level' do not indicate age-based animus, as an employee's level of energy—or lack thereof—is a legitimate business concern. See Fortier v. Ameritech Mobile Communications, Inc., 161 F.3d 1106, 1113 (7th Cir. 1998) (finding that statements such as needing 'new blood' or an employee with a 'lot of energy,' standing alone, do not raise an

4

inference of age discrimination).” Young v. Pitney Bowes, Inc., Docket No. 3:03-CV-1161 (PCD), 2006 WL 726685 at *20 (D. Conn. March 21, 2006).

**The critical issue is whether the alleged comments by Drabek and Osak constitute sufficient evidence to enable a reasonable jury to determine that Koestner was terminated because of his age. "Verbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff. . . . Often, however, an employer will argue that a purportedly discriminatory comment is a mere 'stray remark' that does not constitute evidence of discrimination. . . .**

**"In determining whether a comment is a probative statement that evidences an intent to discriminate or whether it is a non-probative 'stray remark,' a court should consider the following factors: (1) who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker; (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, i.e., whether it was related to the decisionmaking process." Schreiber v. Worldco, LLC, 324 F. Supp. 2d 512, 518-19 (S.D.N.Y. 2004).**

**The United States Court of Appeals for the Second Circuit has recently clarified the proper manner in which a district court should consider allegedly discriminatory remarks. "[T]he more remote and oblique the remarks are in**

5

relation to the employer's adverse action, the less they prove that the action was motivated by discrimination. . . . The more a remark evinces a discriminatory state of mind, and the closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be. . . . Where we described remarks as 'stray,' the purpose of doing so was to recognize that all comments pertaining to a protected class are not equally probative of discrimination and to explain in generalized terms why the evidence in the particular case was not sufficient. We did not mean to suggest that remarks should first be categorized either as stray or not stray and then disregarded if they fall into the stray category." Tomassi v. Insignia Financial Group, Inc., 478 F.3d 111, 115-16 (2d Cir. 2007).

Thus, the Court does not need to determine whether the remarks by Drabek and Osak are "stray." Instead, the Court focuses on whether the remarks are sufficiently probative of age discrimination such that the jury could reasonably find that Koestner was terminated because of his age. Examining the four factors set forth in Schreiber v. Worldco, LLC, supra, 324 F. Supp. 2d at 518-19, the Court determines that the remarks are sufficiently probative of age discrimination. First, the remarks were made by decisionmakers, because Drabek was Derby Cellular's president and Osak was its chief executive officer. Although Stanco terminated Koestner, Stanco cleared his decision with Drabek. Second, the remarks were made in November 2003 and January 2004, which was not long before Koestner was terminated in February 2004. Third, the content of the

remarks could reasonably be viewed as discriminatory because Drabek and Osak both expressed a desire to take action relating to the age of Derby Cellular's employees. As to the fourth factor, Drabek's remark was made during a managers' meeting and Osak's remark was made in a hallway in the workplace. Although the context in which both remarks were made was not directly related to the specific decision to terminate Koestner, all of the other circumstances of the remarks evidenced an intent to discriminate. The Court concludes that the remarks by Drabek and Osak are sufficiently probative of age discrimination. In considering those remarks, the jury could reasonably find that Koestner was terminated because of his age. Accordingly, Derby Cellular's motion for summary judgment as to Koestner's ADEA and CFEPA claims is DENIED.

The Court next turns to Koestner's claim of intentional infliction of emotional distress. "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury. . . .

7

" 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" ' 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965). Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appleton v. Board of Education, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000).

The Court concludes that the circumstances of Koestner's termination were not extreme and outrageous. It is possible that Koestner was terminated because of his age, but the average member of the community would not find that Derby Cellular had engaged in outrageous conduct. "Although employment discrimination is illegal, it does not per se give rise to a claim for intentional infliction of emotional distress." Allen v. Egan, 303 F. Supp. 2d 71, 78 (D. Conn. 2004). The Court determines that Derby Cellular's conduct was at most insulting, and, therefore, Koestner cannot proceed with his claim of intentional infliction of emotional distress. Derby Cellular's motion for summary judgment is GRANTED only as to that claim.

Derby Cellular's motion for summary judgment is GRANTED only as to

**Koestner's claim of intentional infliction of emotional distress and DENIED as to Koestner's ADEA and CFEPA claims.**

               **IT IS SO ORDERED.**

                 /s/
               **Vanessa L. Bryant**
               **United States District Judge**

**Dated at Hartford, Connecticut: October 5, 2007.**